UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| HORIZON TOWER LIMITED LLC; HORIZON TOWER LLC,<br><br>Plaintiffs – Appellees,<br><br>v.<br><br>PARK COUNTY, *et al.*<br><br>Defendants – Appellants. | Case No. 24-8069<br>(D.C. No. 2:23-CV-00037-ABJ)<br>(D. Wyo.) |

**APPELLEES' UNOPPOSED MOTION TO SUBSTITUTE PARTIES**

Plaintiffs-Appellees Horizon Tower Limited, LLC and Horizon Tower, LLC submit this Motion to Substitute Party pursuant to Fed. R. App. P. 43(b) (the "Motion").

By email on October 28, 2024, counsel for Appellants, Mr. Skoric, indicated that Appellants do not oppose this Motion.

As set forth herein, as part of a restructuring, Appellees recently assigned all rights to the proposed personal wireless facility ("Tower") that is the subject of the special use permit application at issue in the above-captioned action (the "Action") to Horizon Tower Limited Partnership-III. Accordingly, Horizon Tower Limited Partnership-III should be substituted for Horizon Tower Limited, LLC and Horizon Tower, LLC for all purposes in connection with this litigation, including as

1

Plaintiffs and appellees, pursuant to Fed. R. App. P. 43(b). The requested substitution will not prejudice any party and will have no effect on Appellants' appeal (the "Appeal"), nor any future proceedings in the District Court should the case be remanded.

## STATEMENT OF FACTS

Plaintiffs/Appellees Horizon Tower Limited, LLC and Horizon Tower, LLC filed this action to appeal the Defendants/Appellants' denial of an application for special use permit to install the Tower in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) and (iii). Horizon Tower Limited, LLC was the entity that would own the proposed Tower and which was party to a lease agreement with the underlying property owner. Horizon Tower, LLC was the operations partner for Horizon Tower Limited, LLC. Mr. John Kapulica is the CEO and principal for Horizon Tower, LLC. (Declaration of John Kapulica, Exhibit A hereto.)

On August 30, 2024, the rights and assets related to the proposed Tower site, including the lease with the underlying landowner, were transferred from Horizon Tower Limited, LLC to Horizon Tower Limited Partnership-III. Horizon Tower Limited Partnership-III is a limited partnership with Horizon Tower III, LLC, its General Partner, and Alliance Tower Fund-V and Alliance Tower Fund-V.1, its limited partners. (Kapulica Decl.)

The principal in and CEO of Horizon Tower III, LLC is John Kapulica, who

2

is also the principal in and CEO of Horizon Tower, LLC. (Kapulica Decl.)

## ARGUMENT

"A Rule 43(b) substitution is appropriate only where 'necessary,' which means that a party to the suit is unable to continue, such as where … a transfer of interest in the company or property involved in the suit has occurred." *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 789 n.4 (9th Cir. 2018) (citing *Sable Commc'ns of Cal. Inc. v. Pact. Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (quoting *Ala. Power Co. v. ICC*, 852 F.2d 1361, 1366 (D.C. Cir. 1988))). A "transfer of interest" in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit. *See, e.g.*, *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, n.\*\* (10th Cir. 2010) (granting a joint motion to substitute where a party was "the successor in interest to another party's water rights and water utility functions"); *In re Expert S. Tulsa, LLC*, 842 F.3d 1293, 1295 n. 1 (10th Cir. 2016) (substituting the successor in interest to a trust's claim to a debt); *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, Nos. 18-16857, 18-16937, 1816950, 2019 U.S. App. LEXIS 22673 (9th Cir. July 30, 2019) (acquisition of rights in issue); *Maier v. Lucent Techs.*, 120 F.3d 730, 732 n.1 (7th Cir. 1997) (same); *Pace Design & Fab. v. Stoughton Composites*, Nos. 96-56165, 97-55032, 1997 U.S. App. LEXIS 35780, at \*7 (Dec. 18, 1997) (observing that

substitution is appropriate under circumstances involving "a transfer of interest by merger or acquisition"); *Mojave Desert Holdings, LLC v. Crocs, Inc.*, 987 F.3d 1070, (Fed. Cir. 2021) (transfer of patents in issue); *Lowenstein v. Pepsi-Cola Bottling Co.*, 536 F.2d 9, n.* (3rd Cir. 1976) (involving transfer of all corporate assets). Because substitution under Rule 43(b) does not alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, the Court has discretion to grant a motion to substitute under the circumstances present here. *See Olaplex, Inc. v. L'Oréal USA, Inc.*, 855 Fed. Appx. 701, 704 (Fed. Cir. 2021).

Horizon respectfully submits that the Court should permit Horizon Tower Limited Partnership-III to replace Horizon Tower Limited, LLC and Horizon Tower, LLC in this litigation, including as Plaintiffs and Appellees. Horizon has transferred all right, title, and interest in and to the proposed Tower to Horizon Tower Limited Partnership-III. Horizon Tower Limited Partnership-III is now the proper party to this action as owner of the proposed Tower and is subject to the jurisdiction of this Court.

In addition, substitution under Rule 43(b) is the most efficient and expeditious means for the parties to fully resolve this matter. At this stage, the District Court has granted Plaintiffs' motion for summary judgment, and Horizon Tower Limited Partnership-III will simply step into the shoes of Horizon Tower

4

Limited, LLC and Horizon Tower, LLC if there are any further proceedings. Moreover, ultimate operational management and legal counsel remain unchanged. Accordingly, Horizon Tower Limited Partnership-III's substitution will not affect the conduct of these proceedings in any way and will have no impact on future deadlines or on Appellants' appeal. Horizon Tower Limited Partnership-III's substitution in this case thus will not prejudice Appellants.

## CONCLUSION

For the foregoing reasons, Horizon Tower Limited, LLC and Horizon Tower, LLC respectfully request that this Motion be granted and that the Court order Horizon Tower Limited Partnership-III be substituted for Horizon Tower Limited, LLC and Horizon Tower, LLC for all purposes of this Action.

DATED: October 29, 2024

        Respectfully Submitted

By: */s/ T. Scott Thompson*
Thomas Scott Thompson
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
555 12th Street NW, Suite 1100
Washington, DC 20004
Phone: (202) 434-7300
Fax: (202) 434-7400
SThompson@mintz.com

Counsel for Appellees

**Certificate of Compliance With Type-Volume Limit,  
Typeface Requirements, and Type Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [**X**] this document contains **931** words, or

    [ ] this brief uses a monospaced typeface and contains <state the number of> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [**X**] this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2402 in Times New Roman 14 Point Font, or

    [ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

October 29, 2024.             */s/ T. Scott Thompson*  
                                       Thomas Scott Thompson  
                                       Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.  
                                       555 12th Street NW, Suite 100  
                                       Washington, DC 20004  
                                       Telephone: (202) 434-7440

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of October 2024, a copy of the foregoing was electronically filed and served via the CM/ECF system upon counsel of record:

>BRYAN A. SKORIC, Park County Attorney
>DUSTIN N. SLADE, Deputy Park County Attorney
>1002 Sheridan Avenue
>Cody, Wyoming, 82414

>*/s/ T. Scott Thompson*
>T. Scott Thompson

# EXHIBIT A

# DECLARATION OF JOHN KAPULICA

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| HORIZON TOWER LIMITED LLC; HORIZON TOWER LLC,<br><br>Plaintiffs – Appellees,<br><br>v.<br><br>PARK COUNTY, *et al.*<br><br>Defendants – Appellants. | Case No. 24-8069<br>(D.C. No. 2:23-CV-00037-ABJ)<br>(D. Wyo.) |

**DECLARATION OF JOHN KAPULICA
IN SUPPORT OF MOTION TO SUBSTITUTE PARTY**

I, John Kapulica, do hereby state as follows:

1. I am the Chief Executive Officer of Plaintiff-Appellee Horizon Tower Limited, LLC. I submit this declaration in support of Horizon's Motion to Substitute Horizon Tower Limited Partnership-III as a party to the above-captioned action. The information set forth herein is based on my personal knowledge.

2. Plaintiffs/Appellees Horizon Tower Limited, LLC and Horizon Tower, LLC filed this action to appeal the Defendants/Appellants' denial of an application for special use permit to install the Tower in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) and (iii). Horizon Tower Limited, LLC was the entity that would own the proposed Tower and which was party to a lease agreement with the

underlying property owner. Horizon Tower, LLC was the operations partner for Horizon Tower Limited, LLC. I am the CEO and principal for Horizon Tower, LLC.

3. On August 30, 2024, the rights and assets related to the proposed Tower site, including the lease with the underlying landowner, were transferred from Horizon Tower Limited, LLC to Horizon Tower Limited Partnership-III. Horizon Tower Limited Partnership-III is a limited partnership with Horizon Tower III, LLC, its General Partner, and Alliance Tower Fund-V and Alliance Tower Fund-V.1, its limited partners. I am also principal in and CEO of Horizon Tower, LLC-III.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 29, 2024
Danville, California

_____
John Kapujiea